IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN WEISMANTLE, et al, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 2:13-cv-01087 |
| ) | |
| v. ) | U.S. District Judge Mark R. Hornak |
| ) | |
| AMMAR JALI, et al, ) | |
| ) | |
| Defendants. ) | |

## OPINION

**Mark R. Hornak, United States District Judge**

The Plaintiffs sued the Defendants under the Fair Labor Standards Act ("FLSA"), Pennsylvania's Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.101 *et seq.,* and its Wage Payment and Collection Law ("WPCL"), 43 Pa. Stat. Ann. § 260.3(a), claiming that they were not paid overtime compensation that they had earned and were due. The parties litigated for a while and then settled their case.

The Plaintiffs are each named Plaintiffs, and this case has not been declared a "collective" or class action under the FLSA, the PMWA, or the WPCL. The parties want the Court to review and then approve the substantive terms of their settlement agreement covering all claims. That agreement has a confidentiality clause whereby the terms of the deal, especially the financial terms, are to be kept secret with the parties. To facilitate the Court's review and approval, they ask that they be permitted to file the settlement agreement under seal on the Court's docket (ECF No. 42). For the reasons that follow, the Court denies that motion to seal.

First, as noted, the Plaintiffs' case is predicated on separate federal and state statutes. As to the FLSA, the parties agree that federal law requires this Court's approval of the substance of

the settlement in order for the settlement to be legitimate and lawful. *See Lynn's Food Stores, Inc. v. U.S. ex rel U.S. Dep't. of Labor*, 679 F.2d 1350 (11th Cir. 1982). This case also includes parallel state law claims based on the same facts, and the same legal principles, but under state law. Those state law claims do not appear to require any sort of Court approval to be lawfully settled. The parties' Joint Sealing Motion does not state any overriding reason that sealing and secrecy are required beyond the fact that that is a term of their deal, although they do say that divulging the terms of the settlement would create embarrassment as well as the perception of wrongdoing by the Defendants.

Apart from the fact that there is no backup provided as to the type, magnitude and source of the alleged embarrassment, and the reality that the settlement agreement could certainly include a clause declaring (as loudly as the parties want) that the settlement is not an admission of any wrongdoing by any party, the parties go on to enumerate reasons why no person's, nor the public's, interests would be impaired if the Court considered and then approved, on the merits, a confidential settlement agreement.[1] They then say that they could not locate *any* cases where this type of FLSA settlement document was sealed. Perhaps for good reason, since the Court's search for such guidance was a lot more revealing, and the cases the Court found pretty much go completely the other way.

Those cases concluded that when a federal court is asked to substantively consider the terms of an FLSA settlement and then approve it, as a general matter that agreement (which is at the heart of the Court's judicial activity) is not to be sealed. *Cantu v. Milberger Landscaping,*

---

[1] The reasons they list are: (1) sealing violates no privacy interests of anyone else; (2) there are no "class" claims; (3) the Defendants are a "small business"; (4) there is no anticipated interest in the sealed information by any third-party; (5) disclosure would embarrass and impugn the Defendants; (6) the Plaintiffs do not want others to know how much money they are receiving; (7) there are no public health or safety concerns; (8) this is a "one off" case and settlement; (9) there are not public agencies or officials involved; (10) secrecy of deals promotes settlements; (11) there are no important public issues involved.

*Inc.*, 2014 WL 1778892 (W.D. Tex. April 25, 2014) (denying motion to seal FLSA settlement agreement); *Adams v. Bayview Asset Mgmt., LLC*, 11 F. Supp. 3d 474 (E.D. Pa. 2014) (denying sealing or *in camera* review of FLSA settlement agreement); *Alewel v. Dex One Serv., Inc.*, 2013 WL 6858504 (D. Kan. Dec. 30, 2014) (denying motion to seal FLSA settlement agreement); *Morris v. Cumberland Cnty. Hosp. Sys.*, 2013 WL 6116861 (E.D.N.C. Nov. 13, 2013) (allowing limited redaction when defendant had made a record of "legitimate concerns about competitive harm"); *Luo v. Zynga, Inc.*, 2013 WL 5814763 (N.D. Cal. Oct. 29, 2013) (ordering FLSA settlement agreement unsealed); *Brown v. Trueblue, Inc.*, 2013 WL 5408575 (M.D. Pa. Sept. 25, 2013) (concluding that FLSA settlement agreement should not be kept confidential); *Martinez v. Hilton Hotels Corp.*, 2013 WL 4427917 (S.D.N.Y. Aug. 20, 2013) (FLSA agreement may not be maintained under seal); *Owino v. IBM Corp.*, 2013 WL 2947146 (M.D.N.C. June 14, 2013) (denying motion to seal FLSA settlement agreement); *Deitz v. Budget Renovations and Roofing, Inc.*, 2013 WL 2338496 (M.D. Pa. May 29, 2013) (approving terms of disclosed FLSA settlement agreement); *Hargrove v. Ryla Teleservices, Inc.*, 2013 WL 1897027 (E.D. Va. Apr. 12, 2013) (recommending denial of motion to seal FLSA settlement agreement); *Picerni v. Bilingual Seit & Preschool, Inc.*, 925 F. Supp. 2d 368 (E.D.N.Y. 2013) (concluding that FLSA public approval doctrine did not require court approval of a voluntary dismissal of FLSA claims); *Parrish v. Defender Sec. Co.*, 2013 WL 372940 (N.D. Tex. Jan. 31, 2013) (denying motion to seal or redact FLSA settlement agreement); *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 300583 (D.N.J. Feb. 1, 2012) (denying motion to seal FLSA settlement agreement); *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643 (S.D.N.Y. 2011) (denying motion to seal FLSA

settlement agreement); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) (requiring filing of FLSA settlement agreement on the public docket).[2]

What can be gleaned from this prevailing, if not overwhelming, caselaw trend is that, absent something very special in a very specific case which generates a very good reason above and beyond the desire of the parties to keep the terms of an FLSA settlement out of the public's view, if the parties want the Court to approve the substance of an FLSA settlement agreement, it cannot be filed under seal.[3]

This concept was recently explored in some detail by Judge Posner writing for the Seventh Circuit as its "motions judge" in *Goesel v. Boley International (H.K.) Ltd.*, 738 F.3d 831 (7th Cir. 2013). There, he drew the distinction between those cases in which, for instance, the court is asked to approve only the fact of a settlement, or perhaps the notice to and understanding of the parties of the terms of a settlement, as opposed to the substantive content of the settlement. In the former case, the Court is not being asked to pass judicial judgment upon the merits or substance of the deal, but is instead serving as more of a procedural watchdog. In the latter case, the Court is being asked to place its judicial imprimatur on the merits and terms of the settlement, a hallmark act of judicial evaluation if there ever was one. *Brown*, 2013 WL 5408575, at *1. In such a case, the strong presumption in favor of public access to the records

---

[2] There are probably a lot more cases of the same ilk, but you have to stop somewhere. *See Joo*, 763 F. Supp. 2d 643, 646-48 (overwhelming consensus against sealing FLSA settlement agreements submitted for Court approval).

[3] The principle reasons cited for this rule are: because the Court's approval embodies a finding that the terms are "fair and reasonable," the agreement must be part of the public record (*Cantu*); sealing thwarts the public's interest in assessing the settlement of wage claims consistent with federal law and should occur only in "extraordinary" circumstances (*Cantu*); the presumption of public access to judicial records and a Congressional intent to further public awareness of FLSA rights (*Adams*); the presumed openness of federal judicial proceedings to assure the fairness and honesty of judges and judicial actions (*Alewel*); the agreement is at "the heart" of the litigated matters (*Alewel*); redaction is permitted only of sensitive proprietary information unrelated to FLSA claims (*Morris*); sealing of judicial records is permitted only for the most compelling reasons (*Luo*); the general public interest in decisional documents and the "public-private" character of FLSA rights (*Brown*); the societal interest in judicial transparency (*Owino*).

upon which a federal court does its decisional duty is overcome only when there is an overarching private interest that outweighs the public's presumed right to know the basis upon which federal judges make judicial decisions. The lead decision of our Court of Appeals is in accord. *See LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011).

In sum, when the Court is approving the "how" of a settlement, the parties' confidentiality interests may more often carry the day, but when the Court is approving the "what" of such a settlement, then the foundational basis of the Court's judicial action is cloaked with the strong presumption of openness. *See LEAP*, 638 F.3d at 220-21.

In this case, the parties ask this Court to examine and then pass judgment upon and approve the substantive terms of their FLSA settlement. To do that, the Court must review the agreement, and then make and announce its decision. The settlement agreement is the very basis for legally-required judicial action, and absent a showing of a particularized and significant private interest that overcomes the public interest as embodied in the presumption of openness,[4] that agreement must be part of the public docket, and not a sealed document.

In the Court's judgment, the reasons articulated for sealing the settlement agreement here fall short of that mark. While covering nearly a dozen subparts, they boil down to a recitation of the parties' desire that the public not know their financial business, coupled with a contention that there is no public interest to be served by the disclosure of the documents forming the basis of the Court's approval. The first set of reasons fails to articulate and then demonstrate a particularized and overriding private-interest reason for sealing, such as the potential disclosure of proprietary information distinct from the FLSA-related issues, *Goesel*, 738 F.3d at 833, and the second fails to address or overcome the strong presumption of openness attaching to judicial

---

[4] The Court need not address here the outcome of this analysis when applied to the settlement of Seaman's suits or claims by minors. *See* W.D. Pa. Local Civil Rules 17.1, 17.2.

acts and the public interests inherent in the FLSA and its administration. *Martinez*, 2013 WL 4427917 at *2; *Owino*, 2013 WL 2947146 at *2.[5]

The Joint Motion to Seal is denied. An appropriate Order will issue.

                                                s/ Mark R. Hornak
                                                Mark R. Hornak
                                                United States District Judge

Dated: April 23, 2015

cc:     All counsel of record

---

[5] Unlike the situation in *LEAP*, this Court has provided no assurance of confidentiality of the settlement agreement here that would create a privacy expectation, 638 F.3d at 222, and *LEAP* did not involve a District Court's judicial approval of the substantive terms of the settlement of claims arising under a federal statute embodying substantial public interests.